UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SAHODIA MCNUTT

    Plaintiff,

v.        Case No. 2:16-cv-935

WAL-MART STORES, INC.

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Sahodia McNutt, (hereinafter, "McNutt" or "Plaintiff"), and as and for her cause of action against the Defendant, Wal-Mart Stores, Inc., (hereinafter, "Walmart" or "Defendant"), alleges and shows to the Court as follows:

### NATURE OF ACTION

1. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sahodia McNutt, a former Walmart employee with a knee impairment which substantially limited her ability to walk, stand, lift, and bend. Specifically, Walmart discriminated against her by denying her a reasonable accommodation and terminating her employment because of her disability.

### PARTIES

2. The Plaintiff, Sahodia McNutt, is an adult resident of the State of Wisconsin, who currently resides at 5425 W Auer Ave., Milwaukee, Wisconsin 53216. At all times relevant to this complaint, the Plaintiff was employed by Defendant.

3. At all relevant times, the Defendant, Wal-Mart Stores, Inc. has continuously been a business engaged in an industry affecting commerce, with its principal offices located at 702 SW 8th St., #0555, Bentonville, AR 72716, doing business in the city of Milwaukee, Wisconsin and had continuously and does now have at least 15 employees.

4. At all relevant times, Walmart has been a covered entity within the meaning of the Americans with Disabilities Act.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

7. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant on or about March 29, 2013 as a Cashier at Defendant's Greenfield store.

9. On February 24, 2014, Plaintiff sustained a work-related knee injury resulting in a torn ACL and torn meniscus in her right knee that has required multiple surgeries. Plaintiff's injury resulted in a permanent disability for which she is still being treated.

10. Plaintiff's above listed impairments substantially limit her; ability to sit or stand for extended periods of time, ability to climb stairs extensively, ability to run, ability to lift objects over 10 pounds, and causes her to have trouble sleeping due to the pain.

11. As a result of the injury, Plaintiff's knee often buckles, locks up, swells, and causes her pain.

12. Several days after the injury Plaintiff returned to work under light duty restrictions; she was not allowed to sit or stand for more than 30 minutes at a time or lift objects over 10 pounds.

13. In October 2014, Plaintiff needed a short medical leave of absence for her disability.

14. Plaintiff was denied leave as a reasonable accommodation and terminated on October 22, 2014 in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

15. On November 4, 2014 Plaintiff filed a charge of discrimination against Walmart alleging that she was denied a reasonable accommodation and terminated because of her disability.

16. On December 8, 2015 the EEOC issued a determination finding that there is reasonable cause to believe that there were violations of the ADAAA.

## STATEMENT OF CLAIMS

As claims against the Defendant, Plaintiff alleges the following:

### COUNT I
### EMPLOYMENT DISCRIMINATION BASED ON DISABILITY – FAILURE TO ACCOMODATE

17. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 16 above, inclusive, with the same force and effect as though fully set forth and repeated within.

18. More than 30 days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging violations of Title I of the ADA by Walmart. All conditions precedent to the institution of this lawsuit have been fulfilled.

19. Defendant intentionally discriminated against Plaintiff by refusing to accommodate her disability in reckless disregard of her federally protected rights under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*.

20. As a direct, foreseeable, and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT II
## EMPLOYMENT DISCRIMINATION BASED ON DISABILITY - TERMINATION

21. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 20 above, inclusive, with the same force and effect as though fully set forth and repeated within.

22. Defendant intentionally discriminated against Plaintiff by terminating her employment because of her disability in reckless disregard of her federally protected rights under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*.

23. As a direct, foreseeable, and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of humiliation, pain, suffering, emotional distress, attorney fees and costs, loss of employment, loss of wages, future vocational loss, loss of promotional opportunities, and other employment benefits. These damages and injuries continue into the present and will continue into the foreseeable future.

## COUNT III
## DECLARATORY JUDGMENT

24. Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1 through 23 above, inclusive, with the same force and effect as though fully set forth and repeated within.

4

25. The allegations contained in Plaintiff's Complaint present an actual controversy between the parties in the meaning of 28 U.S.C. Section 2201.

26. Plaintiff does not have plain and adequate remedies at law for her injuries as alleged in this Complaint or to prevent future injuries of a similar nature by the same or other similarly situated defendants, and, therefore, she invokes the Court's jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 to award declaratory relief.

27. During Plaintiff's employment with Defendant, Defendant engaged in unlawful employment practices in violation the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*. Such practices include, but are not limited to: denying her a reasonable accommodation and terminating her employment because of her disability.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare and adjudge pursuant to 28 U.S.C. § 2201, that by way of the adverse employment actions complained of herein, Defendant deprived Plaintiff of her right to be free from disability based discrimination in violation of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101 *et seq*.;

B. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay, compensatory damages, punitive damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

C. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 42 U.S.C. § 12205 and all other applicable statutes and provisions;

D. Grant to Plaintiff whatever other relief this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this complaint.

Dated at Milwaukee, Wisconsin on this the 18th Day of July, 2016.

/s/ Jason Canfield
State Bar No. 1083007
Canfield & Lutz, LLC
Attorney for the Plaintiff
1437 N Prospect Ave, Suite 200
Milwaukee, WI  53202
Ph. 414.935.2810
Fax. 414.935.2821
Jason.Canfield@CanfieldandLutz.com
